MORRIS KOTOK and PERCY CORDON, trading as Kotok Brothers, complainants,

*v.*

JOHN KLEIN and ELIZABETH U. KLEIN, defendants.

[Heard and determined June 12th, 1924. Filed September 10th, 1924.]

**Specific Performance—Definiteness of Terms of Agreement Raised—Burden of Proof on Party Making Allegation—Performance Advised.**

On bill for specific performance. On final hearing.

*Mr. Francis A. Stanger, Jr.,* for the complainants.

*Mr. Donnelly,* for the defendants.

INGERSOLL, V. C.

This case, as it stands, I think can be determined by me without any further consideration. The parties herein made an agreement under their seals, bearing date the 2d day of November, 1923, wherein the defendants agreed to convey a certain property to the complainants, the property being specifically described, for the sum of $4,500, payable— $500 upon the signing and delivery of the agreement, which was actually paid, a $2,000 mortgage, which was to run two years, bearing six per cent. interest, and $2,000 to be paid in cash on or before the 4th day of February, 1924, at which time a deed will be given free and clear of all encumbrances, also included a clause that all adjustments shall be made as of day of settlement, and specifies a place where that settlement shall be made. There is also a clause providing that if the party of the first part meets with obstacles in the repairing or rebuilding of the adjoining building, and

becomes entangled with the said city of Bridgeton in a law suit, and said law suit is lost, said deposit of $500 is to be returned and the sale to become void.

This contract was prepared by Mr. Elbion, by reason of instructions given to him by Irving Kotog and Klein, afterwards, as I say, reduced to writing and signed by all the parties, and the acknowledgment taken by Mr. Elbion. The other defense as pleaded by the defendants is that the agreement is indefinite, uncertain and incomplete.

I am satisfied that this agreement is not indefinite, uncertain, or so incomplete as to be unenforceable. The land is specifically described. The amount of the consideration is specific, and the statements to be made are specific. It is true that the payment of interest is not specified whether it is to be in advance, semi-annual, annual or at the expiration of the term of two years, but I do not think that is sufficient to say that the contract is incomplete. Particularly is that true when it is admitted by all that that provision was changed to the extent that upon the request of the party of the first part the party of the second part agreed to cash instead of giving him this mortgage. Nor do I think the question of all adjustments shall be made as of the day of settlement is incomplete. I think it is clear that in the course of purchase and sale of real estate that that is thoroughly understood as not being indefinite.

The claim is, however, that this contract does not set forth the terms of the agreement which had been entered into between the parties. Of course, the burden of proof of that is upon the party alleging that the contract is incomplete. There has been nothing shown that would lead the court to believe that Mr. Elbion, the scrivenor, defrauded or deceived the parties into signing an agreement which did not embrace the terms which had been agreed upon. Taking the testimony of both Mrs. Klein and Klein, corroborated in a very minor point by the witness produced by them, considering the testimony of the two Kotoks, I would perhaps feel that there could be considerable question in my

mind which party was giving to the court the true facts of the case, but after considering Mr. Elbion's testimony, Mr. Stanger's testimony, and also the testimony of Mr. Kauffman, produced by the defendants, I cannot help but believe and decide that defendants have not shown to the court anything which would justify the court in saying this contract did not embrace the full terms of the agreement entered into between these parties and reduced to writing by Mr. Elbion. The testimony of Mr. Kauffman was of vast importance to the complainant. Mr. Kauffman testified that he was told by Mr. Klein that the contract had been altered in relation to these terms, not only did he answer counsel for the defense that, but counsel for the complainant repeated the question, and the answer was the same. Now, if that be true, if Mr. Klein believed that the contract had been altered, and if he thought that things had changed so that it was altered, then it would not be a defense to this action. There is no testimony in the slightest that there was any consideration in any way for the altering of this contract, and if this contract did embrace the agreement as made between them at the time, and as signed, it is an enforceable contract, and must be enforced.

Right there it is, however, proper for me to say that were I convinced that Mrs. Klein's statement of what occurred between Mr. Elbion and herself at the time was true, I would have some question in my mind whether the contract was enforceable, but after considering all the facts, I am convinced that Mr. Elbion's testimony as to what took place has not been overcome, to say the least.

I do not think it is necessary for me to comment upon any phase of the case except this: I am satisfied that this contract was not rescinded, or the sale became void by reason of the fact that Mr. Klein was arrested for moving a building without a permit, and fined a small amount, and then a week perhaps afterwards was granted a permit to do this very act. I certainly could not say that that was a suit by the state in which he had lost, and came within the meaning of this case.

Under those circumstances I am compelled to advise a decree for the specific performance of this contract.

I say, however, that the complainant, having agreed to pay the sum of $2,000, instead of the mortgage of $2,000, that in equity they should still do that. Anyway, I will advise a decree that the defendants make, execute and deliver a deed free and clear of all encumbrances, upon the payment by the complainants of the sum of $4,000, adjustments to be made. There is no way for me to know at this time whether or not the adjustments will require a larger sum than the $4,000, or whether there will be a deduction therefrom. You may prepare such a decree and submit to Mr. Donnelly, and if he has no objection to form, forward to me. If there is any objection to the form you can give me notice.

Mr. Donnelly—What about the question of costs, your honor?

The Court—I am afraid costs will have to go with the decree, costs will have to follow the decree. I am allowing no counsel fee, but the cost must go with the decree.